UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TERRENCE B. CONNER,

   Plaintiff,

v.

J. MASTRONARDY, et al.,

   Defendants.

Civ. No. 13-3034 (KM) (MAH)

OPINION

---

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

Plaintiff, Terrance B. Conner, is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. I will grant Mr. Conner's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be permitted to proceed in part.

### II. BACKGROUND

For purposes of screening the complaint, the allegations of the complaint are accepted as true. Mr. Conner names two defendants in his complaint; specifically, J. Mastronardy and the Dover Township Police Department. Defendant Mastronardy is a police officer in the Dover Township Police Department.

1

Mr. Conner states that Mastronardy stopped him on March 16, 2013 because he matched the description of a drug dealer. Mastronardy checked and found that Conner had an outstanding warrant from Newark for a $500.00 fine. Conner was then taken to the police station.

At the police station, Mr. Conner was asked to take his clothes off. Mr. Conner stripped down to his underwear and Mastronardy "repeatedly ran his hands up and down [his] bare legs and would sometimes bump into [his] private area. [Mastronardy] also ran his hands through [plaintiff's] underwear as [he] had them on." (Dkt. No. 1 at p. 4.) During this process, Mr. Conner claims that other officers watched, laughed and cracked jokes about his body. Mr. Conner also alleges that the officers stated that 130 bags of heroin belonged to him.

Mr. Conner contends that the defendants are liable based on false imprisonment and because they unlawfully searched him. Additionally, he claims that the Dover Township Police Department is liable because they have "developed and maintained policies exhibiting deliberate indifference to the constitutional rights of persons." (Dkt. No. 1 at p. 5.) Additionally, he alleges that the Dover Township Police Department is liable because they have a policy and custom of failing to exercise reasonable care in the hiring of its police officers and that they failed to adequately supervise and train their police officers.

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), requires that district courts review complaints in civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts

to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). The Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explained that Rule 12(b)(6) standard as follows. "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

3

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

### A. J. Mastronardy

Plaintiff raises the following claims against defendant Mastronardy: (1) unlawful arrest/false imprisonment; and (2) unlawful search. Each of these claims is considered in turn.

#### i. *Unlawful Arrest/False Imprisonment*

Plaintiff states that Mastronardy is liable based on false imprisonment because he "unlawfully searched me and charge[d] me with drugs that didn't belong to me." (Dkt. No. 1 at p. 5.) "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449

4

F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11-3588, 2012 WL 273887, at 4 n. 2 (D.N.J. Jan. 31, 2012) (citing *Groman*, 47 F.3d at 636).

"'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (not precedential; citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted). Additionally, where a plaintiff is arrested for multiple charges, establishing probable cause with respect to any one charge is sufficient to defeat Fourth Amendment claim. *See Startzell v. City of Phila.*, 533 F.3d 183, 204 n. 14 (3d Cir. 2008).

The complaint fails to state an unlawful arrest/false imprisonment claim against Mastronardy. Specifically, Mr. Conner fails to allege that Mastronardy lacked probable cause to arrest him. Indeed, Mr. Conner states in the complaint that Mastronardy told him that he had an outstanding warrant from Newark based on his failure to pay a fine. Mr. Conner does not allege that the warrant was no longer outstanding or that Mastronardy's reliance on the outstanding warrant was unreasonable in light of relevant circumstances. *See Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000). Accordingly, there is no allegation of lack of probable cause and

no sufficient allegation of an unlawful arrest/false imprisonment claim. This claim will be dismissed without prejudice.

    ii.    *Unlawful Search*

Plaintiff also argues that Mastronardy is liable based on the alleged unlawful strip search at the police station following his arrest. The Fourth Amendment prohibits unreasonable searches and seizures. *See* U.S. CONST. amend. IV; *see also Walsh v. Krantz*, 386 F. App'x 334, 340 (3d Cir. 2010) (per curiam) (citing *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 62 (1992)).

The United States Supreme Court recently analyzed "whether undoubted security imperatives involved in jail supervision override the assertion that some detainees must be exempt from the more invasive search procedures at issue absent a reasonable suspicion of a concealed weapon or other contraband." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, - U.S. -, 132 S. Ct. 1510, 1518 (2012). In *Florence*, the Supreme Court held that the facility struck a reasonable balance between inmate privacy and the needs of the institutions by conducting a close visual inspection of every detainee while undressed before admission to general population. *See id.* at 1523. Nevertheless, Justice Alito noted in his concurrence that the holding in *Florence* was limited, as the Court only held "that jail administrators may require all arrestees *who are committed to the general population of a jail* to undergo visual strip searches not involving physical contact by corrections officers." *Id.* at 1524 (Alito, J., concurring) (emphasis in original). Indeed, Justice Alito further noted that, "[t]he Court does not address whether it is always reasonable, without regard to the offense or the reason for detention, to strip search an arrestee before the arrestee's detention has been reviewed by a judicial officer." *Id.* at 1525.

In light of the reservation of issues noted in Justice Alito's concurrence and the circumstances of Mr. Conner's arrest and subsequent strip search, I find that Mr. Conner's unlawful search claim has at least facial plausibility. At any rate, the holding of *Florence* does not preclude his claim. Indeed, Mr. Conner was not only strip searched at the police station, but was physically touched by Mastronardy. Furthermore, there is no indication that Mr. Conner's strip search was done as a precaution before placing him in general population, or that it occurred after his detention had been reviewed by a judicial officer. Accordingly, I will permit Mr. Conner's Fourth Amendment unreasonable search claim to proceed against Mastronardy.[1]

B. Dover Township Police Department

Mr. Conner also alleges that the Dover Township Police Department has developed a policy that led to his rights being violated. I construe this allegation to mean that the Dover Township Police Department enacted a policy to strip search arrested detainees like him. Initially, I note that the Dover Township Police Department cannot be liable under a *respondeat superior* theory of liability. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts my fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Thus, to state a claim against the Dover Township Police Department due to its purported policy, Mr.

---

[1] Mr. Conner alleges in his complaint that unnamed officers laughed and cracked jokes about his body during the strip search. Such conduct, though appalling and unprofessional, is not unconstitutional. While Mr. Conner does not specifically name these individuals as potential John Doe defendants, I note that even if he had, such allegations would fail to state a claim. *See Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, No. 13-3193, 2013 WL 6246478, at *1 (3d Cir. Dec. 4, 2013) (per curiam) ("[A]llegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983.") (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *Barber v. Jones*, No. 12-2578, 2013 WL 211251, at *5 (D.N.J. Jan. 18, 2013) (noting that general allegations of verbal abuse unaccompanied by injury or damage are not cognizable under § 1983 regardless if plaintiff is a pretrial detainee) (citations omitted).

Conner must allege: (1) a constitutional injury that was (2) caused when the Police Department took action pursuant to that custom or policy. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *see also Batts v. Giorla*, No. 13-1926, 2013 WL 6824930, at *2 (3d Cir. 2013) (per curiam) (citing *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006)). As stated in Part IV.A.ii, Mr. Conner has alleged a potential constitutional violation with respect to an alleged unlawful strip search. Furthermore, Mr. Conner alleges that his injury resulted from implementation of a Dover Township Police Department policy. Accordingly, Mr. Conner's claim against the Dover Township Police Department will be permitted to proceed.

Mr. Conner has thus alleged an unconstitutional policy, but even "in the absence of an unconstitutional policy, a municipality's failure to properly train its employees and officers can create an actionable violation of a party's constitutional rights under § 1983." *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). As an alternative means of attributing liability to the Dover Township Police Department, Mr. Conner alleges that his constitutional injuries resulted from the Department's failure to properly train its employees. The United States Court of Appeals for the Third Circuit has noted that "[f]ailure to train . . . municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Berg*, 219 F.3d at 276 (citing *Bd. of Cnty. Cmm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 408-09 (1997)). The Court said "ordinarily" because it is "possible to maintain a failure to train claim without showing a pattern, [although] the Supreme Court has stated that the burden on a plaintiff in such a case is high." *Kline ex rel. Arndt v. Mansfield*, 225 F. App'x 624, 629 (3d Cir. 2007) (quoting *Bryan Cnty.*, 520 U.S. at 409; *see also Kelly v. Borough of Carlisle*, 622 F.3d 248, 265 (3d Cir. 2010) (noting that it is theoretically possible to show a deliberate indifferent failure to train in the

absence of an underlying pattern of violations). Thus, in *Bryan County*, the Supreme Court noted in the context of a failure to train law enforcement officers that:

> in a narrow range of circumstances, a violation of federal rights may be a highly predicable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations. The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decisions not to train an officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right.

*Bryan Cnty.*, 520 U.S. at 409.

Mr. Conner does not allege that the Dover Township Police Department has engaged in a pattern of violations. As explained above, however, it is possible, if difficult, to make out a failure to train claim without proving a pattern of violations.

Alleging, of course, is not proving; whether Mr. Conner can establish his claims remains to be seen. At this preliminary screening stage, however, I will permit Mr. Conner's policy and failure to train claims against the Dover Township Police Department to go forward.

## V. CONCLUSION

For the foregoing reasons, Mr. Conner's unlawful arrest/false imprisonment claim against Mastronadry will be dismissed without prejudice for failure to state a clam. His unlawful search claim against Mastronardy will be permitted to proceed. Additionally, Mr. Conner's policy and failure to train claims against the Dover Township Police Department will be permitted to proceed. An appropriate order will be entered.

Dated: May 15, 2014

_____
KEVIN MCNULTY
United States District Judge