# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of

## Michael A. Hammer
United States Magistrate Judge

Martin Luther King, Jr. Federal.

Bldg. & U.S. Courthouse

50 Walnut Street, Room 2042

Newark, NJ 07102

(973) 776-7858

May 14, 2015

## LETTER OPINION & ORDER

Mr. Terrence Conner, Inmate: #50584, SBI: #190405C
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

Re:     Terrence Conner, pro se v. J. Mastronardy and Dover Twp. Police Department
        Civil Action No. 13-3034 (KM)

Dear Litigants:

Presently before the Court is Plaintiff Pro Se's application for pro bono counsel, filed under 28 U.S.C § 1915(e)(1). See Appl. for Pro Bono Counsel, Jan. 30, 2015, D.E. 13.  For the reasons set forth below, Plaintiff's request is denied without prejudice.

## Background

Plaintiff Pro Se, Terrence Conner, is currently an inmate at Northern State Prison in Newark, New Jersey.  On May 14, 2013, Plaintiff filed his Complaint against Defendants Officer J. Mastronardy ("Officer Mastronardy") and the Dover Township Police Department ("Dover Police Dept.") [1] (collectively "Defendants") asserting claims for false imprisonment, and various civil rights violations pursuant to 42 U.S.C. § 1983.  See Compl., at 1 ¶ 1, 5-6, May 14, 2013, D.E. 1.  Specifically, Plaintiff alleges that on March 16, 2013, Officer Mastronardy stopped him at a WaWa in Toms River, New Jersey because Plaintiff "fit the description of a drug dealer" and the Officer was looking for two individuals named Helen and Tate.  Id. at 3 ¶¶ 1-2.  After running Plaintiff's name through the system and determining that there was an active warrant for his arrest, Officer Mastronardy arrested Plaintiff.  Id. at 3, ¶¶ 3-4.

---

[1] Although Plaintiff's Complaint asserts claims against the Dover Township Police Department, it appears that the Toms River Township Police Department filed an Answer to the Complaint, indicating that Plaintiff improperly pled them as Dover Township Police Department. See Answer, at 1, Aug. 15, 2014, D.E. 7.  For ease of reference, the Court will refer to the Defendant as originally pled, Dover Police Department.

Following the arrest, Officer Mastronardy took Plaintiff to the Toms River police station, where the Officer strip searched Plaintiff.  Id. at  ¶¶ 4-5.  Plaintiff alleges that during the search, Officer Mastronardy, "repeatedly ran his hands up and down [Plaintiff's] bare legs and would sometime [sic] bump into [his] private area."  Id. at ¶ 5.  Plaintiff claims that Officer Mastronardy also "ran his hands through [Plaintiff's] underwear . . . ."  Id. at ¶ 5.  Moreover, Plaintiff maintains that as Officer Mastronardy searched him, six other officers watched, laughed, and made jokes about Plaintiff's body.  Id. at ¶ 6.

Plaintiff contends that Defendants are liable for unlawfully searching and falsely imprisoning him.  Id. at ¶¶ 5-9.  Plaintiff also asserts that Defendants, "developed and maintained policies exhibiting deliberate indifference to the constitutional rights of persons. . . ."  Id. at 5.  In addition, he alleges that "[i]t was the policy and custom of Dover Twp. to fail to exercise reasonable care in hiring its police officers, including Ptl. Mastronardy and failing to adequately supervise and train its police officers . . . ."  Id. at 6.

Plaintiff filed his Complaint and an application to proceed in forma pauperis ("IFP") on May 14, 2013.  See Compl. May 14, 2013.  On May 14, 2014, the District Court granted Plaintiff's IFP application.  See Order, May 14, 2014, D.E. 4.  On May 15, 2014, the District Court dismissed Plaintiff's unlawful arrest/false imprisonment claim against Officer Mastronardy for failure to state a claim.  See Opinion and Order, May 14, 2014, D.E. 3, 4.  The District Court permitted Plaintiff to proceed with his claims of unlawful search against Officer Mastronardy and the unconstitutional policy and failure to train claims against the Dover Police Dept.  See id.

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (citations omitted).  However, district courts, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. §1915(e).  See Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (providing courts may request the appointment of counsel) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

To determine the appropriateness of appointing counsel, courts in the Third Circuit considers the framework established in Tabron v. Grace.  See 6 F.3d at 156-57.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Id.  If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron 6 F.3d at 155-58 n. 5).  This is a non-exhaustive list, intended to aid the Court in determining whether it is appropriate to appoint counsel. Montgomery, 294 F.3d at 499 (quoting Parham, 126 F.3d at 457; see also Carson v. Mulvihill, 488 F. App'x 554, 558 (3d Cir. 2012).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 158.  The Third Circuit maintains that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

Here, the Court assumes that Plaintiff's claims have merit.  Even so, after carefully weighing the Tabron factors, the Court finds that appointment of counsel is not warranted at this time.

First, Plaintiff appears able to present his case.  When examining the ability to present a case, courts consider a party's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  When a plaintiff is incarcerated, courts will also consider the restraints in place by virtue of confinement.  Id.  Here, Plaintiff has not provided his educational background, prior work history or prior litigation experience.  However, the record establishes that Plaintiff is actively involved in this litigation.  In that regard, Plaintiff's submissions to the Court demonstrate an ability to clearly articulate a factual and legal basis for his claims.  For example, in his Complaint, Plaintiff details the factual allegations underlying his claims, provides relevant dates and parties, sets forth specific common law and statutory claims, and requests specific relief.  See Compl., May 14, 2013, D.E. 1.  In addition, Plaintiff appears able to prepare and file the necessary documents to proceed with this litigation.  Thus far, Plaintiff has filed:  (1) a Complaint, see id.; (2) letters to the Court inquiring as to the status of his case, see Pl.'s Ltr., Sept. 16, 2013, D.E. 2, notifying the Court of a change in address, see Pl.'s Ltr., Aug. 19, 2014, D.E. 8, and requesting counsel, see Pl.'s Letter-Appl., Jan. 30, 2015, D.E. 13; and (3) a proposed discovery plan, see Prop. Discovery Plan, Dec. 16, 2014, D.E. 11. Thus, there is nothing in the record to suggest that Plaintiff cannot present his case without the assistance of counsel.  Therefore, this factor weighs against appointment.

Second, Plaintiff's legal issues are not complex.  Complexity would warrant appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156.  Courts also consider the "proof going towards the ultimate issue and the discovery issue involved."  Parham, 126 F.3d at 459.   In this case, Plaintiff's remaining claims are the § 1983 claims for the alleged unlawful search, the unconstitutional policy, and the failure to train.  See Opinion & Order, May 14, 2014, D.E. 3, 4.  In his application for pro bono counsel, Plaintiff fails to explain why the facts and circumstances surrounding this case are sufficiently complex to warrant appointment of counsel.  However, the Court notes that in his Complaint, Plaintiff asserts that the alleged unlawful search occurred on a specific date (March 16, 2013) and a specific location (at the Toms River Police Dept.).  See Compl., at 3, ¶¶ 1, 4.  Further, Plaintiff specifically alleges that the Dover Police Dept. has a specific policy giving rise to the alleged violations and failed to properly train its police officers.  See id. at 5-6.  Nothing about these claims is so complex as to weigh in favor of appointing counsel.  See Tabron, 6 F.3d at 158 (denying appointment of counsel because "the legal issues . . . [did] not appear to be complex,

3

and the applicable law [was] clear.").  Therefore, this factor weighs against the appointment of counsel.

Third, "where claims are likely to require extensive discovery and compliance with discovery rules, appointment of counsel may be warranted." Tabron 6 F.3d at 156 (citing Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992).  Courts should also consider the extent to which prisoners . . . may face problems in pursing their claim." Tabron, 6 F.3d at 156.  In this case, Plaintiff has not established that he is unable to conduct factual discovery.  While the case is still in its early stages, Plaintiff has filed a proposed discovery plan. See Prop. Discovery Plan, Dec. 16, 2014, D.E. 11.  It is clear from that Plan that Plaintiff can articulate the specific discovery necessary and relevant to his claims.  For example, regarding his Monell claims, Plaintiff indicates that he will need discovery concerning the Dover Police Dept.'s strip search policies and procedures. See id. at ¶ 10(a).  Moreover, Plaintiff indicates in his Discovery Plan that he does not anticipate any problems related to discovery. See id. at ¶ 11.  Thus, this factor also weighs against the appointment of counsel.

Fourth, the Court considers whether a case will turn on credibility determinations since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." Abulkhair v. U.S. Postal Serv., No. 13-7796 (KM), 2014 WL 1607379, at *4 (D.N.J. Apr. 22, 2014) (citing Tabron, 6 F.3d at 156). Because most cases will turn on credibility determinations, the Third Circuit requires that the "courts should determine whether the case is solely a swearing contest." Montgomery, 294 F.3d. 492, 505 (3d Cir. 2002) (citing Parham, 126 F.3d at 460).  Here, Plaintiff claims that the Officer Mastronardy subjected him to an unlawful search and that the Dover Police Dept. maintains an unconstitutional policy and practice that resulted in the instant civil rights. See Compl., at 1, ¶ 2, 3-4, ¶¶4-7 May 14, 2013, D.E. 1.  Plaintiff, however, fails to address whether his case will hinge on the credibility of the parties' witnesses.  This Court notes, however, that this case is still in its early stages, and thus, it is possible that Plaintiff's case will turn on credibility determinations. Therefore, this factor weighs neither for nor against the appointment of counsel. See, e.g., Johnson, 2009 WL 276098, at *3 (concluding that the fourth Tabron factor was neutral where even though the plaintiff provided three witnesses to an alleged excessive force incident "it [was] too early to determine" if the case would result in a "swearing contest").

Fifth, the appointment of counsel is often warranted when expert testimony is required to establish a claim. Tabron, 6 F.3d at 156.  Because Plaintiff has not shown the need for expert testimony, this factor weighs against appointment.

Sixth, the Court will consider a plaintiff's ability to afford and retain counsel. See Tabron, 6 F.3d at 156.  Here, Plaintiff was certified to proceed IFP. See Order & Opinion, May 14, 2014, D.E. 3, 4].  A grant to proceed IFP, however, while a necessary condition for having counsel appointed, is not, without more, sufficient to appoint counsel. See Clinton v. Jersey City Police Dep't, No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").  Here, other than the District Court's order granting IFP, there is scant information establishing that Plaintiff cannot afford and retain counsel. Accordingly, this factor weighs against appointing counsel.

## Conclusion

For all of these reasons, the Court denies Plaintiff's application of pro bono counsel without prejudice.


So Ordered,

*s/ Michael A. Hammer*_____
**UNITED STATES MAGISTRATE JUDGE**